UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **Jacqualine Jarju,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 23-3038 |
| ) | |
| **St John's Hospital of the Sister Third Order,** ) | |
| ) | |
| **Defendants.** ) | |

### REPORT AND RECOMMENDATION

**KAREN L. MCNAUGHT, United States Magistrate Judge:**

Before the Court is defendant's second motion for sanctions [19]. Because defendant requests dismissal of this action, the recommended disposition of defendant's motion is submitted to United States District Judge Lawless pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.

Defendant filed a prior motion for sanctions [15] claiming plaintiff had not provided complete initial disclosures. The Scheduling Order [9] required plaintiff to make those disclosures by May 31, 2023 [9, ¶1]. On that date, plaintiff asked for an extension of time until July 31, 2023, claiming she needed counsel [12]. The Court granted plaintiff's motion on June 5, 2023; indicated plaintiff was obligated to meet this deadline; and explained plaintiff did not need counsel to disclose to defendant who the witnesses were, how to contact them, and what they knew or need counsel to identify or produce relevant documents and explain her damages. Plaintiff did not provide disclosures until August 1, 2023, and then provided only the names of four persons, without telephone numbers or addresses [15-1]. When providing the names of these four persons, plaintiff stated for

one person the subject of information known by this witness was the "[p]erson who picked up the [p]laintiff on 9/28/2021." *Id*.  For the remaining three individuals on these initial disclosures plaintiff indicated nothing about the information the witnesses could provide to support plaintiff's claims.  Plaintiff did not tender a computation of each category of damages. *Id*. Plaintiff did not serve copies of any documents or describe the documents and their location upon the defendant.  *Id*. Plaintiff also did not claim any damages. *Id*. On October 4, 2023, plaintiff filed a motion for extension of time to provide the initial disclosures she claimed were delayed by unspecified medical issues and procedures that had occurred during the preceding 60 days [14].  Plaintiff claimed she needed an extension until October 20, 2023. *Id*. Defendant's first motion for sanctions was filed after plaintiff failed to provide disclosures by October 20, 2023, and did not seek additional time [15].  The motion for sanctions sought attorney's fees and any such other sanctions as the Court might find appropriate based on plaintiff's failure to provide complete disclosures. *Id*. The motion documented efforts to obtain compliance from plaintiff. *Id*.

Plaintiff responded to the motion for sanctions, claiming her failure to meet the deadline was due to medical treatment and physical therapy for a July 2021 ankle injury, a power outage and other storm damage from a July 2023 storm that displaced plaintiff from her home for eight weeks, and an inability to obtain documents from defendant because of a security breach [17]. The storm damage, displacement from plaintiff's home, and inability to obtain documents had not been mentioned in the October 2023 motion for extension of time [14].

Because of plaintiff's *pro se* status and the fact she was not explicitly warned about the consequences of noncompliance, the Court denied the motion for sanctions and gave

plaintiff 7 days, until November 15, 2023, to provide complete disclosures [18]. Plaintiff was warned the failure to comply could result in sanctions, including a monetary sanction and/or dismissal of the action. [*Id*.]

On November 16, 2023, defendant filed a second motion for sanctions, citing plaintiff's failure to meet the Court's deadline for disclosure and the repeated admonitions given to plaintiff about the potential for sanctions. After the motion for sanctions was filed, plaintiff contacted the clerk's office and claimed, notwithstanding the explicit orders of the Court, plaintiff was confused about the due date for her discovery because the minute entry from a November 9, 2023, status conference included a notation "order to follow." The Court entered a November 17, 2023, text order stating plaintiff was to respond to discovery as specified in the Court's November 8, 2023, order [18]. The text order ordered plaintiff to comply with all of her discovery obligations and file a notice of compliance by November 27, 2023. Plaintiff was warned the motion for sanctions was pending.

On November 17, 2023, after entry of the text order, plaintiff filed a motion to "deny motion to dismiss; request ad hoc counsel; clarification." Plaintiff claimed, because a discussion about a settlement conference occurred during the November 9, 2023, status conference, she was confused about whether she needed to comply with the Court's repeated orders about her initial disclosures [20]. Plaintiff also asked for more time to provide initial disclosures [*Id*.]. Plaintiff's request for additional time was denied [text order of 11/20/2023].

Plaintiff did not comply with the order of the Court that she file a notice of compliance with her discovery obligations [21]. Defendant, however, did respond indicating while plaintiff *did* supplement her disclosures with information known by

witnesses, plaintiff *did not* provide information about relevant documents and *did not* provide information about damages. *Id*. In a later motion to amend the scheduling order [23], defendant informed the Court that plaintiff had finally provided her initial disclosures the week of December 25, 2023.

In its motion for sanctions [19], defendant seeks dismissal of this action, an award defendant attorney's fees, and any other relief the Court deems proper. A Court may dismiss a case under Rule 41(b), if a plaintiff fails to comply with the Federal Rules of Civil Procedure or any court order. *Salata v. Weyerhaeuser Company*, 757 F.3d 695, 699 (7th Cir. 2014). This power to dismiss should be used sparingly and is only appropriate when there is a clear record of delay or contumacious conduct or when less drastic sanctions have proved unavailing. *Id*. Dismissal is a harsh sanction that should be imposed infrequently. *Id*.

In the present case, dismissal is an unduly harsh sanction. Although plaintiff unreasonably delayed the proceedings, she did eventually comply with her obligation to provide initial disclosures. Given plaintiff's *in forma pauperis* status, an order requiring plaintiff to pay the cost of attorney's fees defendant incurred in seeking sanctions may exceed plaintiff's ability to pay. Plaintiff's recalcitrance in repeatedly disobeying the Court's directives does, however, merit a sanction. A sanction of $500 to be paid to defendant is appropriate as a means of partially compensating defendant for the expenses it incurred and deterring future misconduct by plaintiff.

It is recommended defendant's motion for sanctions [19] be denied insofar as it seeks dismissal of plaintiff's complaint and granted insofar as it seeks other relief that the court deems just and proper. It is further recommended the Court order plaintiff to pay

the sum of $500 to be delivered to plaintiff's counsel within 30 days of the order of the District Judge as a sanction for plaintiff's repeated noncompliance with her obligations under the Federal Rules of Civil Procedure; noncompliance with the orders of the Court; and plaintiff's delay of these proceedings.

**Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, a party may serve and file objections within 14 days of service of this recommendation disposition.**

ENTERED:  March 1, 2024.

                    s/Karen McNaught
               _____
                KAREN L. MCNAUGHT
          UNITED STATES MAGISTRATE JUDGE